Filed 10/1/25  P. v. Chatman CA4/2
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
| --- |

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083219 |
| v. | (Super.Ct.No. BAF002088) |
| LAWRENCE VERNON CHATMAN, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed with instructions.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Donald W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal is before us for the second time. In our opinion issued on May 23, 2025, we held defendant and appellant Lawrence Vernon Chapman, Jr., was not eligible for Penal Code section 1172.75 resentencing relief.[1] (*People v. Chatman* (May 23, 2025, E083219) [nonpub. opn.] (*Chatman I*).) In this opinion, we will reverse and remand with instructions that defendant be afforded a section 1172.75 resentencing hearing.

## BACKGROUND

In 2003, defendant was convicted of first degree robbery of a person over 65 years of age and first degree burglary of that victim's home in violation of sections 211, 212.5, 459, and 667.9, subdivision (b). He admitted four prior prison terms (§ 667.5, subd. (b)), two prior serious felony convictions (§ 667.5, subd. (a)), and two prior strike convictions (§§ 667, subds. (c) & (e), 1170.12, subd. (c)). He was sentenced to a total prison term of 62 years and eight months. Two of the prior prison terms were stricken, and two were imposed but the trial court stayed the punishment. Defendant appealed and we affirmed. (*People v. Chatman* (Nov. 15, 2004, E034544) [nonpub. opn.].)

1. *The Developments Concerning the Elimination of Prior Prison Enhancements Other Than Those Involving Certain Sexually Violent Crimes*

In 2019, the Legislature amended subdivision (b) of section 667.5 (amended § 667.5(b)) to eliminate prior prison term enhancements unless the prior prison term was for specific sexually violent offenses. (Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020.) The

_____

[1] All further statutory references are to the Penal Code.

amendment was retroactive to any case in which the judgment was not final. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342.)

In 2022, section 1172.75 became effective.[2] (Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022.) Subdivision (a) of that provision declares legally invalid any prison prior sentence enhancement defined in amended section 667.5(b) that was "imposed" prior to January 1, 2020, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Welfare and Institutions Code section 6600 (often referred to herein as a qualifying prison prior). (§ 1172.75, subd. (a).)

In relevant part, section 1172.75 requires the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to identify persons in their custody currently serving a term for qualifying prison prior enhancement and to provide the name of those persons and other specified identifying information to the sentencing court. (§ 1172.75, subd. (b).)

Upon receiving names from CDCR, the sentencing court must review each person's current judgment to be sure it includes a qualifying prison prior enhancement. (§ 1172.75, subd. (c).) If the court determines the current judgment includes such an enhancement, it must recall the sentence and resentence the defendant. (*Ibid.*)

Following the passage of section 1172.75, a dispute arose in the courts of appeal with respect to whether the word "imposed" in subdivision (a) was intended to limit the

---

[2] At the time of its enactment in January 2021, section 1172.75 was numbered section 1171.1, but was renumbered effective June 30, 2022, with no substantive changes to the statute (Stats. 2022, ch. 58, § 12). For the sake of simplicity, we will refer to the provision by its current number.

provision's resentencing relief to defendants whose qualifying prison prior was imposed and executed, or if the resentencing was also available in cases like the present one in which the sentence was imposed but stayed. (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1056–1057 (*Rhodius*).)

2. *The Finding of Defendant's Ineligibility for Section 1172.75 Relief Resulting in this Appeal*

Defendant was included in a CDCR list of persons sentenced in Riverside County considered to be eligible for resentencing relief because of a prison prior.[3] At the ensuing unreported eligibility hearing, the trial court found defendant was not entitled to a section 1172.75 resentencing hearing.

## DISCUSSION

On appeal, defendant argues that this case should be remanded for a section 1172.75 resentencing hearing because (i) there is no reporter's transcript of either his original sentencing in 2003 or his section 1172.75 eligibility hearing, (ii) he was not present at the section 1172.75 eligibility hearing and there was no valid waiver of his presence, and (iii) the court erred when it found him ineligible for section 1172.75 relief.

In *Chatman I*, we affirmed the trial court's decision, finding defendant was not eligible for resentencing because the sentences for his prison priors had been stayed. We

[3] On our own motion, we (i) took judicial notice of the declarations of Aimee Vierra and David McKinney, filed in case No. E082642, and (ii) augmented the record in this case to include the CDCR list attached to those declarations. That list, dated June 16, 2022, sets forth the names of persons eligible for relief under section 1172.75 in active cases for Riverside County. Defendant's name appears on page 13.

4

also found that neither his absence from the eligibility hearing nor the lack of reporter's transcripts of his sentencing and his section 1172.75 eligibility proceedings established cause for reversal of the trial court's order denying him a section 1172.75 resentencing hearing. (*Chapman I*, *supra*, E083219.)

When we issued our opinion in *Chatman I*, *supra*, E083219 the issue whether section 1172.75 applied to qualifying prison prior enhancements that had been imposed and stayed was pending in the California Supreme Court in *Rhodius*, *supra*, 17 Cal.5th 1050. Defendant petitioned that court for review of *Chatman I*.

On June 26, 2025, the California Supreme Court held that a defendant whose qualifying prison prior enhancement was imposed and stayed is entitled to resentencing. (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.) It granted defendant's petition for review and transferred the matter back to this court with directions to vacate our decision in *Chatman I* and reconsider the cause in light of its decision in *Rhodius*. Thereafter, we invited the parties to submit supplemental briefing, which they have done.

In their letter briefs submitted in response to our invitation, defendant and the People posit that this matter should be reversed and remanded to the trial court for a full resentencing hearing because, like the defendant in *Rhodius*, *supra*, 17 Cal.5th 1050 defendant has qualifying prison prior enhancements that have been imposed and stayed. We agree.

Because we are remanding defendant's case for a full resentencing hearing, there is no need to address defendant's arguments that resentencing is called for because of his absence from the eligibility hearing and the unavailability of reporters' transcripts.

## DISPOSTION

The order finding defendant ineligible for resentencing under section 1172.75, subdivision (d), is reversed with instructions to recall defendant's sentence and to hold a section 1172.75 resentencing hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

McKINSTER
J.

FIELDS
J.

6